Our next case is Buffington v. McDonough, 2020-1479, Ms. Hines. Thank you very much. May it please the court, Dory Hines on behalf of the appellant Mr. Buffington. This case involves the payment of disability compensation to previously disabled veterans who returned to active service. The Veterans Court committed legal error when it concluded that the one-year forfeiture provision in Regulation 3.654b-2 is not inconsistent with the statute. So let's consider first the language of the statute. It is undisputed that Section 1110 mandates that the United States will pay disability compensation to veterans who it's established they are entitled to them. In fact, the veterans... But counsel, that's general language. And so there's a gap here with respect to details and that's what the regulation fills. Respectfully, Your Honor, there is no gap in the statute. Section 1110 provides that the United States will pay and what Section 5304c provides is a singular exception to the payment mandate for disability compensation. It is an unequivocal bar to dual compensation. Now if you consider Sections 1110 and 5304c together, disability compensation is paid except when it is not paid. It's a simple and straightforward proposition. And that simple straightforward proposition is mandated by the language of the statute. And importantly, what is implicit in Section 5304c is that that bar on dual compensation implies that disability compensation was provided, disability compensation will stop for that period, and that disability compensation will resume. How do you, in this determination of whether there's a gap, how do you read the fact, or what do you think about the fact that in 5112b3, Congress set very specifically the effective date to discontinue benefits upon return to active duty, but there's no countering statement about resuming them? It is true, Your Honor. 5112b3 states specifically when disability compensation will stop, and really what that does is it confirms the period of active service is just that. It is the shortest period of time. If Congress had intended that the bar on dual compensation be anything other than the period, any period of active duty service, Congress could have set a different date in 5112b3, but what Congress did do was disability compensation stops at the latest possible time, confirming that the period of active duty service means just that. And reading those provisions together, 5112b3 and 5403, 5112 establishes when disability compensation stops. It unequivocally says that. 5304 provides the duration, any period of active service. And the words of the statute that are especially important here is any period of active duty service, and it should mean just that, only that period when there is a bar on dual compensation. Any period outside of that is inconsistent with the purpose for which 5304 was enacted. It was enacted only to provide a bar on dual compensation, not anything else. Ms. Hines, this is Judge Moore. So you're saying that the regulation at 3654 is inconsistent with the statute at 5304, is that right? That's correct, Your Honor. And the reason for that is the regulation engrafts this one-year forfeiture provision so that the VA can and has... Do you agree that 5304... Would you agree 5304 doesn't prevent the VA from requiring a reapplication or a new application to resume benefits after the period of active service? Or is your view that 5304 prevents any application that benefits... Whatever the benefits were before, they should resume exactly in the same fashion on the cease of active service, that they're meant to be continuous and only stop during this period? What is your position? Our position is that the government can certainly require reapplication. The government can require a veteran to appear for an additional medical exam. The government can reconsider the amount of disability compensation. So the government can do all those things. If your view is that the government can require reapplication or an additional medical exam, inherent in that view is the understanding that 5304 doesn't just terminate continuous benefits for an intermediate period, but rather terminates those benefits and then some action must be taken to restart those benefits. We agree that the government can require forms, and it is entirely within the province of the government to do that. Our argument is solely that the government, by virtue of doing that, cannot affect a forfeiture based on a timing requirement that is not in the statute. And in fact... But Ms. Hines, I'm trying to get you to focus on how your admission that reapplication and additional medical exams may be required is inconsistent in my personal view with your articulated interpretation for any period language in 5304C. Because your argument for 5304C is that it just hits the pause button briefly and only during the period of active service on a benefit that the veteran is otherwise always and continuously entitled to. That's what I understand your argument of the statutory interpretation to be. Your Honor, any time that a veteran is entitled to disability compensation, the government can require a veteran, for example, to have additional medical examinations. It can require additional information from veterans for the continuance of disability compensation. So, what I'm saying... No, but you admitted that a new application, a reapplication is required. You admitted it in your brief and you admitted it in oral argument a minute ago. So, if they have to reapply, then how is it that they are continuously entitled? The disability compensation, the service connection to which the veteran is entitled does not stop. That is different in kind than a new application or an increase in service connection or other things that a veteran can do. So, it is significantly different here that veterans who are disabled and yet return to active service continue to be service connected for their disability. That does not change. How do you know? The VA absolutely awards benefits for what are non-permanent disabilities. Not every disability gets worse with time. Some get better with time. Some improve. Some abate entirely. So, how do you know that they're still entitled at the end of active service to disability payment? What the veterans court in its decision recognized that the veteran will continue to be service connected for the disability for which they were receiving disability compensation. Now, when they return or stop active service and the period of active service in 5304C ends, they remain service connected. That does not change. What the government can require and can do in other cases as well is for the veteran to go in for additional medical exams, to consider whether the level of compensation that the veteran was previously entitled to still applies. So, that can happen. That can happen here, yes. And that can happen in other circumstances, too. You're confusing level with entitlement. So, you're assuming there continues to exist entitlement when they cease to be on active duty. And what I'm suggesting to you, and I think the veterans court acknowledged, is that not every disability is of a permanent nature. And as such, there may not actually be any more entitlement when they cease to be on active duty. That is correct, Your Honor. But as the veterans court said at Appendix 11, that service connection remains in place. If there is a separate determination that the level of compensation for that service connection has changed, but the fact of service connection is actually important, even if the level of disability or the level of compensation is adjusted to zero. And what continues through before disability compensation was being provided and then stops at the period of active service, service connection does remain. That does not stop. And what the government can require is additional information and medical exams, as I said. But there is that continuity from before until after with a break just for the period, any period of active service. And in this case, Ms. Hines, did the government dispute his continuing disability? Not that I am aware. And I don't believe that's in the record, but I am not aware that there was any dispute on the continued entitlement. The particular, and I know the facts aren't an issue here, but the disability that Mr. Buffington was service connected for was tinnitus, which is generally considered a condition that once you have it, you have it. And my understanding is that disability compensation, there was no dispute that he continued to be entitled to receive it and that he is receiving it now. The issue was when, was the date. So he reapplied for or told the VA that he was no longer in active service at a certain point in time. He did not do that within the one-year period. He was found to be entitled to disability compensation when he told, for a year before, he told the VA. The problem with the interpretation that you are seeking is that what would happen, how would it play out if someone didn't reapply and you've acknowledged that a reapplication could be required. Suppose someone didn't reapply for 10 years. And when they reapplied in 10 years, there was either an abatement or a worsening of their condition. Who knows? It did not remain constant. What is the government supposed to do in terms of assessing retroactively what level of disability compensation they need to give the veteran for the 10 prior years when they got out of active service up until this point in time? Are they just supposed to guess about the progression of the illness or disease or are they, how in the world would the VA be positioned to make that sort of assessment? Sure. And that's a great question. And that's something the VA does all the time. For example, in assessing Q claims where there's clear and unmistakable error, it is not at all uncommon for the VA to be required to go back substantial periods of time and to consider levels of disability over periods of time in determining whether the disability remains, whether the disability should be staged and for what periods of time. And what the VA will do is get medical evidence and then have medical opinion and will reach a conclusion. But those types of just determinations are well within the purview of VA and something they do all the time. Thank you, Ms. Hines. We'll give you your three minutes of rebuttal back. We'll hear from Ms. Rose. Thank you. May it please the court. In Section 503.4, the Congress established an unequivocal bar on the receipt of dual benefits. And as the court has noted in Section 511.2, Congress set a specific date on which disability benefits would terminate when a veteran goes into active duty service. But they were silent as to when benefits would recommence. And that is, we contend, an intentional gap left by Congress. Well, wait. You said 503.4. I think you mean 5304. 5304. Yes. Thank you. I apologize. Okay. So if we're talking about 5304, where in 5304 does it explain that benefits terminate? Well, in 5304, it establishes a prohibition against the duplication of benefits. So I apologize. I think what I meant to say is that there's a bar on dual payment. But why don't you confront the statutory language? It says you can't have double payment for a period when they're in active service. So what does that word period mean? How ought we to interpret that statutory section? Any period defines the period in which double payment is not permitted. So the VA unequivocally cannot pay veteran disability payments to any claimant who is receiving active duty service pay. Under that logic, this statutory section defines both a start and a stop point because of the word period. The word period indicates the precise start and stop for the disability benefits or the pension benefits, right? No. Respectfully, Your Honor, that defines the minimum period of discontinuation. And when you read that in connection with 5112... Counsel, it doesn't say that it's a minimum period of discontinuation. And it doesn't say for the period while they're in active service and any other period the VA might want to impose or add on to active service, does it? No, but it also doesn't speak in terms in 5304 of a discontinuation. What it says is a prohibition against duplication of benefits. So what 5304 tells us is that the VA cannot pay any veteran who is also receiving active duty payment during any period for which the person receives active service pay. What's not answered is when that start and end date for discontinuation of benefits begins and when the recommencement of benefits begins after service. Counsel, this 5304 pertains to pension, compensation, which is the umbrella under which the disability falls, or retirement pay. Let's say we're talking about pension now because it covers all three. So with regard to pension, a pension is sort of undeniable, right? This is the rate at which your pension is going to be paid based on your years of prior service. Is that relatively close to accurate? I believe so, Your Honor. Okay, so you've got a set amount for pension. Say it's $40,000 a year is your pension from the military based on your years in service. And then all of a sudden you get called up on active duty because you're a reservist and you're out of the service, but you're a good citizen of the United States and you're willing to continue to serve if needed, so you get called up in active duty. Now you can't receive your $40,000 pension while you're on active duty, correct? Correct. Okay, so then all of a sudden your active duty stops. Shouldn't your pension resume on the day your active duty stops? I mean, there's no dispute over the amount, it should be. The amount is set in stone, quite frankly. Well, I do think there is a difference between a pension that is being paid directly by your military service branch for your prior service and disability pay, which the statutory scheme is designed to compensate veterans for degrees of disability to the extent that it interferes with their ability to be gainfully employed. So with a pension, again, this would, if we're talking about a pension that is administered by your service branch, I think it would be fair to assume, though I am not familiar with addressing it, that your pension would resume the day after your active service payment stops. Here, however... Do you have to file an application for that to have that happen? Again, if we're talking about a pension that's, you know, if we're talking about a Navy veteran and their Navy pension, I'm not aware of that process. Some notice may be necessary. But here I think we are in a different situation, because with 5112, and as the court recognized in its questioning to Mr. Buffington, a return to active duty service may suggest that there has been a change in the claimant's condition, but at a minimum... In fact, they don't even mention disability in 5304C. They mention compensation, which is the rubric under which we've determined disability falls, but they're talking... The other two categories are pension and retirement pay, both of which, it seems to me, are immutably owed to the veteran. So I'm a little troubled, because you're asking for an interpretation of the word any period, which would theoretically... Actually, not theoretically, which, since they're all in one statute, would absolutely impact all three of those. So if we give you the interpretation you want for the term any period, that would theoretically allow you to adopt regulations, which prohibit the reinstatement of a pension without a series of hurdles. And so, Your Honor, I respectfully disagree, because I believe that what 5304 does is it establishes a bar on payment. And that bar, if you take any period as the period in which you receive active duty service pay, then that's the minimum amount of time in which your disability benefits could be discontinued. Or pension, right? Or pension benefits. Right, but... The minimum amount of time for pension benefits could be discontinued. Correct. However, we don't have in 5112 a discussion of pension benefits like we do compensation benefits. How can you say that? Well, because in 5112, it talks about the effective date for reduction of discontinuation of compensation, but it doesn't mention pension. Counsel, so is it your view that our interpretation of 5304 doesn't really matter to your argument that 5112 provides a gap and 654 fills the gap? Yes, Your Honor. In 5112, Congress specifically spoke to the date on which benefits would be discontinued, but they did not speak to the date on which disability benefits would recommence. And that left a gap, and I think a recognition by Congress that the VA was in the best position to determine if additional claim processing would be needed or if there should be some responsibility placed on a claimant to file an application, just as there is for a claimant to initiate the process of receiving benefits initially. And that gap, we believe, was reasonably filled by the regulation, which, as Congress set out in many other instances, provides claimants a year period in which they can file their claim for benefits and receive their benefits back to the date following the discontinuation of active service pay. And it also generously provides that a claimant who files after the year period will receive a year before their claim period. I want to go back to 5112 because you expressly said it only relates to disability payments, and that's not the case. It says effective date of a reduction or discontinuance of compensation, dependency, and indemnity compensation or pension. I apologize, Your Honor. That was a misreading by me, and I did not mean to. That was a mistake on my part. Yes, it was. Because that's important. Because it means that what you're saying is that we read the statute one way for certain kinds of compensation or payments, and we read it another way for the others. Well, if there was no reason – if 5304 is self-executing in the start and stop date, there would be no reason for Congress to address in 5112b3 the date on which they wanted the pay to end before active duty service. But what Congress was making very clear is that the pay ends on the day that the other pay starts, essentially. In other words, what they're saying is we're not going to take it further back from when you're called up to duty or any other time frame. It would actually support the conclusion that Congress wanted it to be a narrow time frame. And the regulation also provides that. Mr. Buffington calls it a forfeiture provision, but there's no forfeiture unless a claimant, for whatever reason, doesn't file their claim. And as the court has noted, there is a degree of claims processing that's involved. This isn't simply just turning on the tap. The degree of disability when benefits recommence is to be at the level of disability at the time that active duty service ends. But the question is, did Congress intend to put the burden on the veteran to prove his continuing disability, or did Congress believe that it should be on the VA to say that disability is no longer present? And the VA would have the ability to do that, to call them back in and say we're going to reassess your disability levels. But that's not what you're arguing here. What you're arguing here is that we don't even have to reassess anything. We can just basically take it away for an arbitrary time frame if we choose to do so. No, I don't think it's an arbitrary time frame. I think that the VA cannot pay once a member is receiving active duty service pay. And then what the VA has done is they have filled the gap left by Congress, where Congress did not address the date on which benefits would recommence, by requiring a reapplication upon the end of active duty service. Is it your position that every time there's any kind of silence in a statute that it necessarily creates a regulatory gap that the agency can fill? That is a very broad statement, Your Honor. I wouldn't want to say that any time, but generally silences in schemes like this that where there has been a lot of responsibility entrusted to the Secretary to fill in the gaps and create regulations, silences do tend to suggest that there's a gap that is to be filled by the Secretary. And here, if you... And what case law do you rely on? You don't cite any case law in your briefs for that proposition. For the proposition of how much silence there needs... I apologize, Your Honor. Yes, yes. What kind of silences actually create statutory gaps? I think that the cases speak in terms of gaps, and I'm not thinking in terms of trying to remember if there's any examples that I recall seeing that speak in how big or small the gap must be, but I think that typically the language is where there is a gap. And here there is a gap. 5.1.1.2 would be superfluous and unnecessary if 5.3.0.4 is read as mandating a period in which benefits must be discontinued, that the minimum period of discontinue must also be the maximum. So, counsel, can I get you to take just a look at your Reg 3.654? Part A doesn't just speak to disability benefits. It speaks to pensioner retirement, and it's focused on the date of discontinuation. Okay? Do you see that? Yes. Okay. So your Reg focuses on the day of discontinuation of not just disability pay, but pension and retirement. But you all don't administer pension and retirement pay, do you? Your Honor, I apologize because this is not something that I was focused on in the briefing, but because this is in Title 38, I think that there is some pension element to the VA. But then does B likewise pertain to the recommencement of pension and retirement pay? I mean, I understood you to suggest to me that the concerns I had about reapplication were limited to disability compensation. And I'm looking at your Reg, which in Part A says it speaks to pension compensation and retirement pay, and Part B doesn't say anything about any of them, though the word disability appears once in B2 where it says disability will be evaluated on the basis of facts that relate to the most recent period of active service, that kind of thing. It talks ever so briefly in 2 about disability, but I guess what I'm wondering is, is it your view that 3.654B2 also applies to pension and retirement pay? Well, Your Honor, I want to clarify one thing, and I hope that I was careful to caveat my answers before that I had understood the questions to be about pensions. If with the Court's permission, I'll just finish. Complete your thoughts. Thank you. Thank you, Your Honor. I had understood the Court's question before to be about pensions that were provided by a veteran's military service branch for their service, but I believe that in Title 38 when a pension is discussed, it is a VA-specific pension that is awarded when the VA determines, and this is discussed in the Regs at 38 CFR 3.3, that a disease or disorder determined by the VA to be of such a nature or extent as to justify a determination, the person suffering from that disease or disorder are permanently and totally disabled. So this seems to be a pension situation that's more akin to a TDIU, which I'm not sure in what circumstance someone who is totally and completely disabled would be able to go back on to active-duty service pay. So it may be that while they're lumped together, it really doesn't have practical significance for a pension because someone who is totally and completely disabled is more likely than not unlikely to be able to return to active-duty service. Thank you, Ms. Rose. Ms. Hines has three minutes for rebuttal. Thank you very much. First, I'd like to address the concept of silence. And with respect to that, I'd point the Court to Section 5110. Section 5110 establishes filing requirements and has one-year forfeiture provisions in other circumstances. When Congress intended to effect a forfeiture, Congress knew how to do it and did not do so here. If anything, Congress was not silent because it did so in other circumstances and specifically did not engraft a forfeiture provision on disabled veterans who returned to active service. With respect to a gap in the statute, our position is that there is no gap because the statute provides for a specific and limited period, any period of active service. But I did want to address the Secretary's ability to fill that gap if one exists. Ms. Hines, your most difficult argument you're just not even addressing, and that is, is the definition you want for period really not leaving open any gap as to when benefits recommend in light of 5112? Your definition for 5304, it seems to me the government is correct, would render 5112 entirely superfluous. Your Honor, I'm not sure about entirely superfluous. I think we would agree that it may be overlapping with 5304C. 5112 addresses when payments will stop and 5304, the duration. And let me explain why that's okay. The Supreme Court in the Microsoft I4I decision looked at statutory interpretations and said unequivocally that there are situations and it can be well accepted that there are situations when statutory language can be overlapping. There the court was looking at section 35 U.S.C. section 282, the presumption of patent validity, and in looking at the clear and convincing evidence standard determined that that was on the party asserting invalidity even though the statute already said that. And what the Supreme Court said in citing the Duncan case, which the government cites and which the VA, excuse me, the Veterans Court relied on is that in some situations that's okay when no interpretation avoids excess language. And that's the situation we have here. 5112 establishes the stop date. 5304C defines any period and that those words must be given effect. The Secretary's interpretation does not give effect to any period of active service. Our view is that 5112 confirms that any period is the shortest period possible. The duplication of compensation is just for that period. And in considering the Secretary's argument that section 501 gives it the authority to fill a gap, Mr. Buffington argued that and it doesn't appear the Secretary really disagrees that the one-year forfeiture provision is irrelevant to the duplication of benefits. And in fact, on the Secretary's brief at page 24, the Secretary argues that our argument is... You may finish your talk, please. The Secretary argues that our point is nothing more than an attempt to inappropriately limit the broad discretion that Congress afforded VA to administer the Veterans Benefit Scheme. But the regulation the Secretary implements, they're supposed to be necessary and appropriate to carry out the laws. Here, this forfeiture provision in the reg is not necessary and appropriate to avoid the duplication of benefits. That's the purpose. And for that reason, it creates an unnecessary and inappropriate impediment to the Veteran who receives benefits. Thank you very much. Thank you, Ms. Hines. We appreciate both counsel and the cases submitted.